UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cr-80099-Damian/Matthewman

UNITED STATES OF AMERICA,

v.

MATUSALEN BRIONES-LOPEZ,
A/K/A "ANDRES LAINEZ-DIAZ,"

    Defendant.
_____/

FILED BY ___SW___ D.C.
Oct 24, 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## FOLLOWING CHANGE OF PLEA HEARING

**THIS CAUSE** is before the Court upon Order of Reference from the Honorable United States District Judge Melissa Damian, DE 16, and the consent of the parties for a United States Magistrate Judge to conduct the change of plea hearing and accept a guilty plea for Defendant, Matusalen Briones-Lopez, a/k/a Andres Lainez-Diaz ("Defendant").[1] The Court held a change of plea hearing in open Court on October 23, 2024, which was attended by Defendant, his counsel, Caroline McCrae, Esq., and Assistant United States Attorney, Katie Sadlo, Esq., on behalf of the Government, as well as a certified Spanish interpreter and a certified Mam interpreter.[2] The Court hereby advises, finds, and recommends as follows:

---

[1] The Court was advised that Defendant's true name is Andres Lainez-Diaz.

[2] Defendant's primary language is Mam, an ancient Mayan language spoken by some people in Guatemala (the Defendant's country of nationality). The change of plea hearing was extremely lengthy, difficult, and labored because Defendant, who only went as far as second grade in primary school, required both a Mam interpreter and a Spanish interpreter. This was required because the Mam interpreter did not speak English; rather, the Mam interpreter spoke Spanish and Mam. This required the Spanish interpreter to first translate from English to Spanish, and then the Mam interpreter to then subsequently translate from Spanish to Mam. The Spanish interpreter was present in the courtroom with the Defendant, while the Mam interpreter appeared and translated by Zoom. The Undersigned strongly recommends to Judge Damian that at sentencing, the Court locate and utilize a Mam interpreter who also speaks English to avoid the necessity and delay of using two interpreters. If that is not possible, Judge Damian should set aside a very lengthy period of time for the sentencing hearing.

The Court advised Defendant of his right to have the hearing conducted by the presiding U.S. District Judge assigned to the case. The Court also advised Defendant that the undersigned U.S. Magistrate Judge was conducting the change of plea hearing and taking Defendant's plea of guilty by Order of Reference from the U.S. District Judge and as agreed to by Defendant, Defendant's attorney, and the Assistant U.S. Attorney assigned to this case. The Court further advised Defendant that his sentence would be imposed by the presiding U.S. District Judge, who would make all findings and rulings regarding such sentence and would conduct a sentencing hearing at a time set by the U.S. District Judge.

1. The Court advised Defendant that he did not have to consent to the Undersigned conducting this hearing or taking his guilty plea and could require that the change of plea hearing be conducted by the U.S. District Judge. Defendant, Defendant's attorney, and the Assistant U.S. Attorney assigned to the case all agreed on the record and consented to this Court conducting the change of plea hearing and taking Defendant's guilty plea.

2. The Court then conducted a plea colloquy in accordance with the outline set forth in the Bench Book for U.S. District Judges and in conformity with the requirements of Federal Rule of Criminal Procedure 11.

3. This Court also made certain that Defendant was aware of the charge listed in the Indictment and the maximum sentence which could be imposed in this case pursuant to the plea agreement, sentencing guidelines, and applicable statutes.

4. Defendant acknowledged that he was fully satisfied with the services of his attorney Caroline McCrae, and that he had full opportunity to discuss all facets of his case with his attorney.

5. Counsel for the Government and Defendant represented that they will be making the following joint recommendation to the U.S. District Judge at the time of sentencing: either a two or three level reduction of the sentencing guideline level applicable to the Defendant's offense, pursuant to Section 3E1.1(a) and (b) of the Sentencing Guidelines, based upon Defendant's affirmative and timely acceptance of personal responsibility.

6. Defendant knowingly and voluntarily with the advice of competent counsel pled guilty to the sole count of the Indictment. The Indictment charges Defendant with illegal re-entry after deportation, in violation of 8 U.S.C §§ 1326(a) and (b)(2). [DE 8].

7. Defendant has been referred to the U.S. Probation Office for the preparation of a pre-sentence investigation report.

Accordingly, based upon the foregoing and the plea colloquy conducted by this Court, the Undersigned:

**FINDS** and **RECOMMENDS** that Defendant, Matusalen Briones-Lopez, (1) be found to have freely, knowingly, and voluntarily entered a guilty plea to the sole count in the Indictment, (2) that his guilty plea be accepted, (3) that he be adjudicated guilty of the offense, and (4) that a sentencing hearing as scheduled by the U.S. District Judge be conducted for a final disposition of this matter.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Melissa Damian. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and

legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND RECOMMENDED** in Chambers at West Palm Beach in the Southern District of Florida, this 24th day of October 2024.

WILLIAM MATTHEWMAN
United States Magistrate Judge